IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA


UNITED STATES OF AMERICA

v.                    CRIMINAL NO. 05-19 ERIE

MELISSA HICKS


CHANGE OF PLEA



Proceedings held before the HONORABLE

SEAN J. McLAUGHLIN, U.S. District Judge,

in Courtroom C, U.S. Courthouse, Erie,

Pennsylvania, on Wednesday, May 3, 2006.



APPEARANCES:
        MARSHALL J. PICCININI, Assistant United States
        Attorney, appearing on behalf of the Government.

        THOMAS W. PATTON, Assistant Federal Public

Defender, appearing on behalf of the Defendant.

Ronald J. Bench, RMR - Official Court Reporter

2

1             P R O C E E D I N G S

2

3             (Whereupon, the Change of Plea proceedings began at

4    1:34 p.m., on Wednesday, May 3, 2006, in Courtroom C.)

5

6             THE COURT:  What is she pleading to today, Mr.

7    Patton?

8             MR. PATTON:  All counts, Counts One through Ten.

9             THE COURT:  May I assume there is no plea agreement?

10            MR. PICCININI:  That's correct, your Honor.

11            THE COURT:  All right.  Ms. Hicks, I'm informed that

12   you wish to change the plea that you previously entered at

13   Counts One through Ten of Indictment No. 05-10 Erie to a plea

14  of guilty, is that correct?

15       THE DEFENDANT:  Correct, yes.

16       THE COURT:  Try to speak into the microphone.

17  Before accepting your guilty plea, there are a number of

18  questions I'm going to ask you to make certain it is a valid

19  plea.  If you don't understand any question, please tell me and

20  I will explain it to you.  If at any time you wish to consult

21  with Mr. Patton, please tell me that and I will give you the

22  opportunity to consult.  I give you these instructions because

23  it is essential to a valid plea that you understand every

24  question before you answer it.  Would you please administer the

25  oath.

3

1       (Whereupon, the Defendant, MELISSA HICKS, was

2  sworn.)

3       THE COURT:  Ms. Hicks, do you understand that now

4  that you have been sworn, your answers to my questions are

5  subject to the penalties of perjury or of making a false

6  statement if you do not answer truthfully?

7       THE DEFENDANT:  Yes.

8          THE COURT:  Would you please tell me your full name?

9          THE DEFENDANT:  Roiann Johnson.

10         THE COURT:  That's not the name charged in the

11    Indictment?

12         MR. PICCININI:  This is an issue that came up at the

13    detention hearing.  There is no question that Ms. Johnson is

14    the Melissa Hicks who's named in the Indictment.  Ms. Johnson

15    has used a variety of different names.  I do think it was

16    discussed in some detail at the detention hearing about how

17    Melissa Hicks' name was used.

18         THE COURT:  I recognize this is Judge Cohill's case.

19    But, nevertheless, does this present any problem for you?

20         MR. PICCININI:  I don't believe so.  I believe I

21    handled the detention hearing.  No, not at all.  She is, this

22    person who's here in the courtroom today is in fact the person

23    named and charged in the Indictment.

24         THE COURT:  All right.  How old are you?

25         THE DEFENDANT:  Thirty-eight.

4

1          THE COURT:  How far did you go in school?

2          THE DEFENDANT:  I got my GED.

3          THE COURT:  And you can communicate in English, is

4   that right?

5          THE DEFENDANT:  Yes.

6          THE COURT:  Is that correct, Mr. Patton?

7          MR. PATTON:  Yes, sir.

8          THE COURT:  Have you taken any drugs or medication

9   or have you drunk any alcoholic beverages in the past 24 hours?

10         THE DEFENDANT:  I've taken Wellbutrin at the prison.

11         THE COURT:  What is that?

12         THE DEFENDANT:  It's medication for ADHD and

13   depression.

14         THE COURT:  Does that in any way make your thinking

15   cloudy, make it difficult for you to understand what's

16   happening around you?

17         THE DEFENDANT:  No.

18         THE COURT:  Do you take any other meds besides that?

19         THE DEFENDANT:  No, sir.

20         THE COURT:  Are you now or have you recently been

21   under the care of a physician or psychiatrist, other than the

22   physician or psychiatrist who prescribed that medication?

23         THE DEFENDANT:  No, sir.

24        THE COURT:  Are you now or have you recently been

25   hospitalized or treated for narcotics?


5


1        THE DEFENDANT:  No, sir.

2        THE COURT:  Do you understand what's happening here

3   today?

4        THE DEFENDANT:  Yes, sir.

5        THE COURT:  Does anybody have any doubt about the

6   competence of this defendant to plead guilty at this time to

7   the charges previously outlined in the Indictment; Mr.

8   Piccinini?

9        MR. PICCININI:  No, your Honor.

10        THE COURT:  Mr. Patton?

11        MR. PATTON:  No, sir.

12        THE COURT:  I find this defendant is competent to

13   plead.  Do you have an attorney with you here today?

14        THE DEFENDANT:  Yes, sir.

15        THE COURT:  What is your attorney's name?

16        THE DEFENDANT:  Tom Patton.

17        THE COURT:  Have you had a sufficient opportunity to

18  discuss your case with him?

19      THE DEFENDANT:  Yes.

20      THE COURT:  Are you happy with the work that Mr.

21  Patton has done for you?

22      THE DEFENDANT:  Yes.

23      THE COURT:  And do you understand that if you

24  continue to plead not guilty and do not change your plea, you

25  would have the right to be assisted by an attorney at the trial

6

1  of the charge against you?

2      THE DEFENDANT:  Yes.

3      THE COURT:  Do you understand that if you did not

4  enter a guilty plea and that if you qualified financially, you

5  would be entitled to be assisted by an attorney at not cost to

6  you at every phase of the processing of these charges?

7      THE DEFENDANT:  Yes.

8      THE COURT:  Do you understand that if you did not

9  plead guilty and that if there were a trial, under the

10  Constitution and laws of the United States, you would be

11  entitled to a speedy trial by a judge and jury on the charge

file:///A|/HICKSPLE.TXT

12  contained in the Indictment?

13      THE DEFENDANT:  Yes.

14      THE COURT:  Do you understand that if there were a

15  trial, the witnesses for the government would come to court and

16  testify in your presence?

17      THE DEFENDANT:  Yes.

18      THE COURT:  Do you understand that if there were a

19  trial, your counsel could cross-examine the witnesses for the

20  government, object to evidence offered by the government and

21  then offer evidence on your behalf?

22      THE DEFENDANT:  Yes.

23      THE COURT:  Do you understand that if there were a

24  trial, the government would have to pay witnesses fees to

25  witnesses you wished to call if you qualified as being


7


1  financially unable to do so?

2      THE DEFENDANT:  Yes.

3      THE COURT:  Do you understand that if there were a

4  trial, you would have the right to testify if you chose to?

5      THE DEFENDANT:  Yes.

6          THE COURT:  Do you understand that if there were a

7   trial, you would have the right not to testify and that no

8   inference or suggestion of guilt could be drawn from the fact

9   that you did not testify?

10          THE DEFENDANT:  Yes.

11          THE COURT:  If you plead guilty and I accept your

12   plea, do you understand that you will waive your right to a

13   trial and the other rights I've just mentioned to you, that

14   there will be no trial, and that I will enter a judgment of

15   guilt, and Judge Cohill will sentence you on the basis of your

16   guilty plea after he considers a presentence report?

17          THE DEFENDANT:  Yes.

18          THE COURT:  If you plead guilty, do you understand

19   that you will also have to waive your right not to incriminate

20   yourself because I will ask you questions about what you did in

21   order to satisfy myself you are guilty as charged and you'll

22   have to acknowledge your guilt?

23          THE DEFENDANT:  Yes.

24          THE COURT:  Now that I mentioned your rights to you,

25   do you still wish to plead guilty?

1          THE DEFENDANT:  Yes.

2          THE COURT:  Have you received a copy of the

3   Indictment naming you and have you discussed with Mr. Patton

4   those charges in the Indictment, namely Counts One through Ten,

5   to which you intend to plead guilty today?

6          THE DEFENDANT:  Yes.

7          THE COURT:  Mr. Patton, this is a rather voluminous

8   Indictment, and so I ask you, did you thoroughly review this

9   with your client?

10         MR. PATTON:  Yes, sir.  We have gone over the

11   Indictment in detail.  I'm confident that Ms. Johnson

12   understands all of the counts in the Indictment, we will waive

13   any right to have you read the Indictment to her.

14         THE COURT:  All right.  And just so we're clear, you

15   have the right to have me read it to you in open court, but you

16   agree with Mr. Patton, that you and he have discussed it and

17   you understand it, and you agree to have me waive the reading

18   of it, is that right?

19         THE DEFENDANT:  Yes.

20         THE COURT:  All right.  And, once again, you do

21  understand the charge, is that correct?

22      THE DEFENDANT:  Yes.

23      THE COURT:  Now, while you can waive your reading of

24  the Indictment, you can't waive the reading of my explanation

25  of the elements and the penalties, that may take me a little

9

1  while.  But here we go.  Do you understand that as to Count

2  One, in order for the crime of conspiracy, in violation of

3  18 U.S.C. Section 371, to be established, the government must

4  prove all of the following essential elements beyond a

5  reasonable doubt.

6      That the conspiracy, agreement, or understanding to

7  commit violations of 18 U.S.C. et seq., as described in the

8  Indictment, was formed, reached or entered into by two or more

9  persons;

10      At some time during the existence of the conspiracy,

11  agreement or understanding, the defendant knew the purpose of

12  the agreement, and with that knowledge, then deliberately

13  joined the conspiracy, agreement or understanding; and

14      At some time during the existence or life of the

15  conspiracy, agreement or understanding, one of its alleged

16  members knowingly performed one of the overt acts charged in

17  the Indictment and did so in order to further or advance the

18  purposes of the agreement.

19       As to Counts Two through Nine, in order for the

20  crime of uttering and possessing counterfeit securities of an

21  organization involved in interstate commerce, in violation of

22  18 U.S.C. Section 513(a), to be established, the government

23  must prove all of the following essential elements beyond a

24  reasonable doubt.

25       That the instrument named in the Indictment is a


                                   10


1  security.  The term security means, among other things, a

2  check.

3       That the instrument named in the Indictment was

4  issued by an organization.  The term organization means a legal

5  entity, other than a government, established or organized for

6  any purpose, and includes a corporation, company, association,

7  firm, partnership, joint stock company, foundation,

8  institution, society, union or any other association or persons

9  which operates in or the activities of which affect interstate

10  or foreign commerce.

11        That the instrument named in the Indictment was

12  counterfeited.  The term counterfeited means a document that

13  purports to be genuine but is not, because it has been falsely

14  made or manufactured in its entirety.

15        That the defendant made, uttered or possessed the

16  forged security.

17        That the defendant intended to deceive another

18  person or organization.

19        As to Count Ten, in order for the crime of

20  possession of five or more identification documents with the

21  intent to use unlawfully, in violation of 18 U.S.C. Section

22  1028(a)(3), to be established, the government must prove all of

23  the following essential elements beyond a reasonable doubt.

24        That the defendant knowingly possessed five or more

25  identification documents.


11


1        That the defendant possessed said identification

2  documents with the intent to use them unlawfully; and

3        That said possession or use was in or affected

4   interstate commerce.

5        Do you understand the elements as to Counts One

6   through Ten?

7        THE DEFENDANT:  Yes.

8        THE COURT:  Now, as to the penalties as to Count

9   One.  Do you understand that the maximum penalty is

10  imprisonment of not more than five years.

11        A fine of not more than the greater of $250,000; or

12  an alternative fine in an amount not more than the greater of

13  twice the gross pecuniary gain to any person or twice the

14  pecuniary loss to any person other than the defendant, unless

15  the imposition of this alternative fine would unduly complicate

16  or prolong the sentencing process.

17        A term of supervised release of not more than three

18  years.

19        As to Counts Two through Nine, the maximum penalties

20  for individuals are:

21        Imprisonment of not more than 10 years.

22        A fine of not more than the greater of $250,000; or

23  an alternative fine in an amount not more than the greater of

24  twice the gross pecuniary gain to any person or twice the

25  pecuniary loss to any person other than the defendant, unless

12

1  the imposition of this alternative fine would unduly complicate

2  or prolong the sentencing process.

3        A term of supervised release of not more than three

4  years.

5        Any or all of the above.

6        As to Count Ten, imprisonment of not more than five

7  years.

8        A fine of not more than the greater of $250,000; or

9  an alternative fine in an amount not more than the greater of

10  twice the gross pecuniary gain to any person or twice the

11  pecuniary loss to any person other than the defendant, unless

12  the imposition of this alternative fine would unduly complicate

13  or prolong the sentencing process.

14        A term of supervised release of not more than three

15  years.

16        Any or all of the above.

17        A mandatory special assessment of $100, which must

18  be imposed at each count upon which the defendant is convicted.

file:///A|/HICKSPLE.TXT

19          Restitution may be required in this case as to

20   Counts One through Ten, together with any other authorized

21   penalty.

22          Do you understand the elements of these crimes, as

23   well as the maximum penalties?

24          THE DEFENDANT:  Yes.

25          THE COURT:  Has anybody made any threat to you or to


                                13


1   anyone else that has forced you in any way to plead guilty?

2          THE DEFENDANT:  No, sir.

3          THE COURT:  Once again, for the record, there is no

4   plea agreement, is that right, Mr. Piccinini?

5          MR. PICCININI:  There is no plea agreement that is

6   going to be entered with the court today, that's right, your

7   Honor.

8          THE COURT:  All right.  Do you understand that the

9   offense to which you are pleading guilty today is a felony

10   offense; that if your plea is accepted, you will be adjudged

11   guilty of that offense and that such adjudication may deprive

12   you of valuable civil rights, such as the right to vote, hold

13  public office, to serve on a jury and the right to possess any

14  kind of firearm; do you understand that?

15      THE DEFENDANT:  Yes.

16      THE COURT:  Under the Sentencing Reform Act of 1984,

17  the United States Sentencing Commission has issued guidelines

18  for judges to follow in determining sentences in criminal cases

19  for offenses occurring after November 1st of 1987.  Have you

20  and Mr. Patton talked about how the Sentencing Guidelines might

21  apply to your case, and the fact that the guidelines are now

22  advisory by virtue of recent Supreme Court case law?

23      THE DEFENDANT:  Yes.

24      THE COURT:  Do you understand that Judge Cohill will

25  not be able to determine the advisory guideline sentence for


14


1  your case until after the presentence report has been completed

2  and you and the government have had an opportunity to challenge

3  the facts reported by the United States Probation Officer?

4      THE DEFENDANT:  Yes.

5      THE COURT:  Do you understand that after it has been

6  determined what guideline sentence does apply to a case, the

7    judge has the authority, in some circumstances, to impose a

8    sentence that is more severe or less severe than that which is

9    called for by the guidelines?

10            THE DEFENDANT:  Yes.

11            THE COURT:  And do you understand that parole has

12    been abolished, and that if you are sentenced to a term of

13    imprisonment, you will not be released on parole?

14            THE DEFENDANT:  Yes.

15            THE COURT:  Do you understand that if the sentence

16    is more severe than you expected it to be, you will still be

17    bound by your guilty plea and that you will have no right to

18    withdraw it?

19            THE DEFENDANT:  Yes.

20            THE COURT:  Except for your discussions with Mr.

21    Patton about the Sentencing Guidelines, has anybody made any

22    prediction or promise to you about what your sentence is going

23    to be?

24            THE DEFENDANT:  No, sir.

25            THE COURT:  Has anything I have said here today

15

1    suggested to you what your actual sentence will be?

2    THE DEFENDANT:  No, sir.

3    THE COURT:  Have you been instructed by your

4    counsel, by government counsel, or by anybody else to respond

5    untruthfully to any question about a promised sentence?

6    THE DEFENDANT:  No, sir.

7    THE COURT:  Ms. Hicks, did you, as charged in Counts

8    One through Ten, and as previously reviewed with you by your

9    counsel, commit the offenses as charged?

10    THE DEFENDANT:  Yes, sir.

11    THE COURT:  Mr. Piccinini, if this case did go to

12    trial, what would the government's proof be?

13    MR. PICCININI:  Your Honor, if the matter proceeded

14    to trial, the government would provide testimony from

15    government agents and other local police agencies, who would

16    establish that the defendant in this case, along with an

17    individual by the name of Thomas Lewis, were both arrested in

18    the Millcreek Mall around July 5, 2004, after attempting to

19    pass several counterfeit checks, drawn on banks whose

20    activities were involved in interstate commerce.  Local police

21    obtained a search warrant for the vehicle that Hicks and Lewis

22  were driving, and found numerous counterfeit checks and

23  identification cards.

24      After the Millcreek Mall incidents, Hicks then used

25  the identities of three other individuals, namely Stacey

16

1  Childs, Navada Green and Yvette Middleton, to attempt to pass

2  additional counterfeit checks.  Ms. Hicks was arrested leaving

3  the scene after she attempted to pass the Middleton check, and

4  Hicks admitted she passed the Middleton check and checks in the

5  name of Navada Green.  Hicks was identified on surveillance

6  video as she was passing the Stacey Childs' check.

7      In addition, the government would provide testimony

8  of an individual who was visible in one of the surveillance

9  tapes with Ms. Hicks.  That person would testify that he drove

10  Ms. Hicks to numerous locations, that match the locations where

11  Ms. Hicks passed the counterfeit checks.  That would be the

12  nature of the government's proof.

13      THE COURT:  All right, Ms. Hicks, you just heard

14  what Mr. Piccinini has said by way of summary, do you agree

15  with everything he said?

16          THE DEFENDANT:  Yes, sir.

17          THE COURT:  Do you still want to plead guilty?

18          THE DEFENDANT:  Yes, sir.

19          THE COURT:  Is it your advice she do so, Mr. Patton?

20          MR. PATTON:  Yes, sir.

21          THE COURT:  Because you acknowledge that are you in

22  fact guilty as charged in Counts One through Ten and because

23  you know about your right to a trial and because you know what

24  the maximum possible penalty is and because you are voluntarily

25  pleading guilty, I will accept your guilty plea and enter a


                                17


1  judgment of guilty to your plea to Counts One through Ten of

2  Indictment No. 05-19 Erie.

3          It is therefore the finding of the court in the case

4  of United States of America versus Melissa Hicks, that this

5  defendant is fully competent and capable of entering an

6  informed plea, and that her plea of guilty is a knowing and

7  voluntary plea supported by an independent basis in fact

8  containing each of the essential elements thereof and,

9  therefore, the plea is accepted and the defendant is now

10  adjudged guilty of those charges.

11        (Whereupon, the Change of Plea was executed by the

12  Defendant and Defense Counsel.)

13        THE COURT:  A presentence investigation report is

14  going to be prepared by the United States probation officer.

15  It is in your best interests to cooperate with the officer in

16  furnishing information for the report, because that report will

17  be important in Judge Cohill's decision about what your

18  sentence will be.  You and your counsel will have the right and

19  will have the opportunity to examine that report before

20  sentencing.

21        Disposition of sentencing in this case before Judge

22  Cohill is set for August 22, 2006, at 2:30 p.m.  All right,

23  we're adjourned.

24        (Whereupon, at 1:51 p.m., the Change of Plea

25  proceedings were concluded.)


                            18


1                 - - -

2

3

4

5

6

7            C E R T I F I C A T E

8

9

10       I, Ronald J. Bench, certify that the foregoing is a

11   correct transcript from the record of proceedings in the

12   above-entitled matter.

13

14

15

16   _____

17   Ronald J. Bench

18

19

20

21

22

23

24

25