NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 06-4018

UNITED STATES OF AMERICA

v.

MELISSA HICKS,

Appellant

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. No. 05-cr-00019E)
District Judge: Honorable Maurice B. Cohill, Jr.

Submitted Under Third Circuit LAR 34.1(a)
March 11, 2008

Before: FUENTES, CHAGARES and ALDISERT, Circuit Judges

(Filed: April 2, 2008)

OPINION

ALDISERT, Circuit Judge

Appellant Melissa Hicks appeals her sentence of 60 months of imprisonment imposed by the United States District Court for the Western District of Pennsylvania.

Specifically, Hicks alleges that the District Court erred in determining the amount of loss attributable to her conduct and that the District Court improperly imposed an upward departure based on the number of her prior criminal convictions.

Because we write exclusively for the parties and the parties are familiar with the facts and proceedings below, we will not revisit them here.

I.

The District Court determined that the loss attributable to Hicks' criminal conduct was $40,407.10. Because the amount of loss attributed to Hicks' conduct was in excess of $30,000, the Sentencing Guidelines called for a six level increase in her base offense level. U.S.S.G. § 2B1.1(b)(1). Hicks contests the District Court's determination as to the loss, arguing that the District Court improperly included in its calculation counterfeit checks that Hicks did not admit to passing and that the government had not proved she had passed.

In fashioning an appropriate sentence, a district court may consider conduct not charged in the indictment nor pleaded to by the defendant. United States v. Booker, 543 U.S. 220, 251-252 (2005) (quoting U.S.S.G. § 1B1.3, cmt., background ("Conduct that is not formally charged or is not an element of the offense of conviction may enter into determination of the applicable guideline sentencing range.")). A district court applies the preponderance of the evidence standard to conduct relevant to sentencing enhancements under the Sentencing Guidelines. United States v. Grier, 475 F.3d 556, 568 (3d Cir. 2007) (en banc). This Court "must accept the District Court's factual finding as to the amount of

loss unless it is clearly erroneous." United States v. Brennan, 326 F.3d 176, 194 (3d Cir. 2003).

In this case, Hicks pleaded guilty to passing checks in the names of Stacy Childs, Navada Green and Yvette Middleton, to conspiring with known and unknown individuals to commit the offenses of uttering or possessing counterfeit checks, and to possession or use of five or more identification documents for unlawful purposes. Although the indictment did not charge Hicks with passing checks in the names of Eldora Harris, Robyn English or Joyce Hunt, the government presented evidence that these checks were part of the same fraudulent scheme carried out by Hicks and her co-conspirators. The Harris check bore the same telephone number as the checks that Hicks admitted to passing. Also, the checks used in the loss calculation were passed at the same stores and in the same general locations as the checks to which Hicks admitted guilt. As the government's theory involved a scheme among several individuals to pass counterfeit checks and the Harris, English and Hunt checks bore sufficient similarities to those Hicks admitted passing, the District Court did not err in determining that these checks could be included in the loss calculation.

## II.

Hicks also contends that the District Court improperly considered the number of her prior criminal convictions, rather than the nature and severity of these prior offenses, when it decided to impose a sentence in excess of the advisory Sentencing Guidelines range. With an offense level of 10 and 37 criminal history points, the Sentencing

Guidelines provided for a sentence of 24-30 months of imprisonment. The District Court departed from this advisory range, however, and sentenced Hicks to 60 months of imprisonment.

The Sentencing Guidelines permit an upward departure "[i]f reliable information indicates that the defendant's criminal history category substantially under-represents the seriousness of the defendant's criminal history or the likelihood that the defendant will commit other crimes . . . ." U.S.S.G. § 4A1.3(a)(1). In this case, the District Court specifically mentioned Hicks' extensive criminal history, including her forty-one prior convictions for theft and forgery crimes, and Hicks' pattern of "taking money by deception" when it determined that an upward departure was warranted. App. 105. Indeed, the District Court commented that Hicks' conduct was "no different than reaching right into the merchant's cash register and pulling it out, pulling out the cash." Id. We are satisfied that the District Court properly considered the nature of Hicks' prior convictions in determining that the sentence established by the Sentencing Guidelines under-represented her criminal history or under-represented the likelihood that she will commit further crimes. We are also satisfied that the sentence of 60 months of imprisonment was a reasonable one under these circumstances.

\* \* \* \* \*

We have considered all of the contentions presented by the parties and have concluded that no further discussion is necessary.

The judgment of the District Court will be affirmed.